UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHER LYNN JUSTICE,

    Plaintiff,

v.

SOCIAL SECURITY COMMISSIONER,

    Defendant.
_____/

Case No. 21-cv-10503

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER: (1) ACCEPTING AND ADOPTING MAGISTRATE JUDGE STAFFORD'S REPORT AND RECOMMENDATION [ECF NO. 20]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]**

### I. Introduction

This matter is before the Court on Magistrate Judge Elizabeth Stafford's Report and Recommendation On Cross Motions For Summary Judgment ("R&R") [ECF No. 20]. Her R&R upholds the conclusions described in the Administrative Law Judge's ("ALJ") opinion. It finds that Justice is not disabled according to Social Security Administration standards.

Judge Stafford recommended that Cher Lynn Justice's Motion ("Justice") [ECF No. 14] be DENIED, that the Social Security Commissioner's ("Commissioner") Motion [ECF No. 17] be GRANTED, and that the Administrative

1

Law Judge's ("ALJ") decision be AFFIRMED. Justice objects to Judge Stafford's R&R on two grounds: (1) the ALJ erroneously applied *res judicata* principles to various findings related to his determination of Justice's disability status; and (2) the ALJ substituted the opinions of medical experts for his own medical judgment.

For the following reasons, the Court **ADOPTS** Judge Stafford's R & R [ECF No. 20]; **OVERRULES** Justice's objections [ECF No. 26]; **DENIES** Justice's motion; and **GRANTS** the Commissioner's motion.

**II.    Background**

Judge Stafford sets forth the facts and procedural posture of the case in her R&R and neither party objects to this recitation of the facts. The Court incorporates them by reference and will only discuss the facts pertinent to the Court's review.

Justice filed an application for Disability Insurance Benefits ("DIB"), and Social Security Income ("SSI") in May 2016. Her application alleged that she became disabled in January 2011. [ECF No. 12-1, PageID. 54]. Justice claimed disability due to post-traumatic stress disorder (PTSD), severe anxiety, depression, isolation, chronic pain, and fibromyalgia. [Id]. The Commissioner denied her application at the initial level and Justice requested a hearing before an ALJ. Justice and a vocational expert testified at the hearing on February 19, 2020.

The ALJ later issued a written opinion denying Justice's application. He began by recognizing his findings from a prior decision on Justice's application for benefits dated January 23, 2015. [ECF No. 12-1, PageID.54]. However, he noted:

> the record contains new and additional evidence of worsening spinal degenerative changes and worsening mental impairments. In the current claim, I must decide if claimant is disabled during a period that was not previously adjudicated. As discussed in detail in the decision below, this record contains new and additional evidence that provides a basis for a different finding of claimant's residual functional capacity.

He does not explicitly say when the alleged onset date at play in his previous decision occurred.

Next, the ALJ addressed the Social Security Administration's five-step sequential evaluation process for determining if an individual is disabled under 20 C.F.R §§ 404.1520(a) and 416.920(a)). This included findings regarding Justice's Residual Functional Capacity ("RFC").

At the first step, the ALJ found that Justice had not engaged in substantial gainful activity since the alleged onset date of January 11, 2011. [ECF No. 12-1, PageID. 55-56]. At the second step he found that Justice had several severe impairments: affective disorder, anxiety disorder, PTSD, uveitis, cataracts, degenerative disc disease of the cervical and lumbar spine, and fibromyalgia/polyarthralgia. [Id].

In his discussion at the second step, the ALJ referenced the earlier decision he made on Justice's application in 2015. Referring to a period of disability proceeding the new alleged onset date of January 2011, the ALJ found evidence of minimal degenerative joint disease (DJD) of the knees and plantar calcaneal. [ECF No. 12-1, PageID.58]. He concluded that these impairments were nonsevere at that time. The ALJ relied on these findings as evidentiary support for his conclusion that those impairments are nonsevere for the purposes of the current disability determination with the new alleged onset date of January 2011. [Id].

In his decision, the ALJ wrote, "I considered *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997). The record shows my prior unfavorable decision issued January 23, 2015." [ECF No. 12-1, PageID.54]. The ALJ believed that, unless there was new and material evidence relevant to the new alleged onset date, he was bound by prior decisions regarding Justice's RFC and final disability determination. [ECF No. 12-1, PageID.56].

At step three, he found that Justice had the Residual Functional Capacity (RFC) to perform light work. [Id].

At step four, the ALJ found that, at the time of her application, Justice could not perform work she had previously performed as a CNC operator, machine operator, or inspector. [Id]. At the final step, he determined that there were jobs in

4

significant numbers that Justice could perform, including positions as a routing clerk, marker, and collator. [Id].

Finally, the ALJ concluded that none of Justice's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment as required to meet the definition of "disabled" under 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). [Id].

Concluding that Justice was not disabled, the ALJ described his findings from the prior decision but nonetheless found that "this record contains new and additional evidence that provides a basis for a different finding of claimant's residual functional capacity." [Id]. Because there was new and material evidence of moderate cervical and lumbar degenerative changes and worsening mental impairments, the ALJ "only partially" adopted his prior finding regarding Justice's residual capacity. [ECF No. 12-1, PageID.61].

Relying on the medical opinions of Drs. Quadri, Krishnan and Hammer, the ALJ found that, with the exception of impaired recent memory, depressed and anxious moods, and some paranoid thought, Justice's mental status examinations were normal. [ECF No. 12-1, PageID. 66]. He factored this finding into his determination that Justice's had an RFC for work with light exertion, which influenced his conclusion that Justice was not disabled.

Justice objected to the ALJ's ruling on two grounds: (1) rather than giving Justice's current application a fresh review, the ALJ erroneously determined that *res judicata* bound him to adopt findings from a 2015 decision [ECF No. 14, PageID.1801-1804]; and (2) by assigning little weight to the opinions of Quadri and Hammer, and only partial weight to the opinions of Dr. Krishnan about the limiting effects of Justice's mental impairments, the ALJ substituted their opinions for his own medical judgment [ECF No. 14, PageID.1798-1799, 1804- 1809].

The Court will discuss whether either objections (1) or (2) warrant remand considering the arguments and case law relied on by the parties.

### III. Applicable Law and Analysis

#### a. Standard of Review

District court review of an ALJ's decision is restricted to determining whether he or she "has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014) (internal quotation marks omitted. "If the [ALJ's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994) (citations omitted). "Substantial evidence is more

than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

Justice's first objection concerns the legal standard the ALJ applied in his finding that she was not disabled.

> **b. Objection (1): Justice's argument that the ALJ erroneously determined that *res judicata* bound him to adopt findings from a 2015 decision rather than giving Justice's current application a fresh review [ECF No. 14, PageID.1801-1804].**

It is clear and undisputed that the ALJ considered the current record of new evidence relevant to Justice's alleged onset date of January 11, 2011. It is also undisputed that the ALJ considered his previous unfavorable decision issued January 23, 2015, related to a previous alleged disability period that occurred prior to January 11, 2011. [ECF No.12-1, PageID.54, 61].

Three cases are pertinent to this Court's analysis of whether the ALJ applied the correct legal standard to Justice's successive 2016 application for benefits.

In *Dennard v. Sec'y of HHS*, 907 F.2d 598 (6th Cir. 1990), the Sixth Circuit held that an ALJ was "precluded by estoppel" from reconsidering whether a claimant could perform his past relevant work after another ALJ— deciding an earlier application—determined that the claimant could perform past relevant work. *Id*. at 600. Subsequently, the Social Security Administration promulgated SSAR 98-3(6),

7

which instructed ALJs that they "must adopt" findings from earlier decisions, "unless there is new and material evidence relating" to the prior ALJ's finding. SSAR 98-3(6), 1998 WL 28390, at *3.

After *Dennard*, the Sixth Circuit held that where an ALJ makes a final determination concerning a claimant's entitlement to benefits, all the ALJ's findings are binding on the parties in all subsequent applications absent evidence of a "changed condition." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).

However, in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), the Sixth Circuit significantly restricted the scope of *Drummond* and *Dennard*. It held that principles of *res judicata* only prevented subsequent applications "for the same period of time," that were considered in the prior application. *Id*. Under *Earley*, ALJ's are not bound by prior findings when considering periods of disability that succeed the time period adjudicated in the earlier decision. *Id*. ALJs must "giv[e] a fresh look" to periods of disability that were not addressed in the prior ALJ's decision. *Id*. at 931, 934. However, an ALJ at a later hearing may still consider the conclusions of an earlier ALJ. *Id*. at 934.

Commissioner argues that the ALJ's decision was consistent with *Earley* because he gave Plaintiff's second application a fresh look and made different

8

findings than his earlier decision, rendering the ALJ's reference to *Drummond* harmless. [ECF No. 28, PageID.1916, 1918].

Judge Stafford correctly notes that although the ALJ erroneously applied *Drummond*, that alone does not merit remand. The question for the Court is whether the ALJ, "'despite purporting to follow *Drummond*, gave the evidence a fresh look as required by *Earley*; if so, then the ALJ's decision satisfies *Earley*; if not, then remand is appropriate.'" [ECF No. 20, PageID.1666] [*Citing Mitchell v. Comm'r of Soc. Sec.*, No. 20-13414, 2022 WL 265869, at *2 (E.D. Mich. Jan. 28, 2022)].

Justice says the error in applying *Drummond* was compounded by the ALJ's assignment of "great weight" to a consulting medical opinion of Dr. Jackson. [ECF No. 26, PageID.1902]. Dr. Jackson's opinion adopted the ALJ's prior RFC from the earlier case. [Id]. However, the ALJ stated that he assigned great weight to this opinion because it was supported by objective medical evidence from the new alleged disability period and given by a doctor well versed in Social Security program knowledge. [ECF No. 12-1, PageID.65]. More importantly, the doctor's opinion analyzed symptoms that occurred during the new alleged onset period between 2017-2018. [Id]. The ALJ did not indicate that he was relying on any earlier opinion given by this doctor in a previous proceeding.

9

Justice relies on *Mitchell,* 2022 WL 265869, at *3–4, arguing that the ALJ here did not give her application a fresh look as required by *Earley*. In *Mitchell*, the court held that, although the ALJ applied *Drummond*, she provided the necessary "fresh look." *Id*. It reasoned that: (1) she reached her decision "[a]fter careful consideration of all the evidence," and she also stated that she was justified in "not adopting the residual functional capacity from the previously adjudicated period"; (2) at the second step of the disability analysis, the ALJ accounted for developments in Mitchell's medical condition since the prior decision; (3) the ALJ recognized the addition of severe impairments not included in the prior ALJ's decision as a strong indication that the current ALJ conducted a fresh look of the evidence; and (4) the ALJ analysis of Mitchell's RFC in light of the current evidence revealed that she did not blindly defer to the prior ALJ's findings. *Id*.

Justice also relies on *Ridenour v. Comm'r of Soc. Sec.*, No. CV 20-13272, 2022 WL 565583, at *2 (E.D. Mich. Feb. 24, 2022) (Cox, J.). The ALJ in that case mechanically recited new evidence without much analysis and the court accepted the plaintiff's argument that the ALJ violated *Earley* "by limit[ing] himself to the findings of the prior ALJ as binding, which impacted the rest of his decision, and revealed that he was unwilling to step aside from the previously adopted finding." *Id*. at *3.

10

*Mitchell* is analogous and *Ridenour* is distinguishable. As Judge Stafford notes, along with the severe impairments from his earlier decision, here the ALJ found new severe impairments of PTSD, cataracts, and degenerative disc disease. [ECF No. 12-1, PageID.57, 135]. These findings were based on records and medical opinions from the current alleged disability period beginning in 2011. [ECF No. 12-1, PageID.57-68]. And the ALJ found that Justice's mental impairments caused moderate limitation in social functioning, as compared with the mild limitation found in his previous decision. [Id. at PageID.59, 136]. This demonstrates the ALJ consideration of all the evidence and his willingness to depart from his previous determination, unlike the ALJ in *Ridenour*.

Further, the ALJ only partially adopted the prior RFC, finding that new and material evidence supported the added restrictions of no interaction with the public and only occasional interaction with supervisors and coworkers. [Id. at PageID.61, 137]. Although he relied on *Drummond* in his partial adoption of the previous RFC, he did so "based on" all symptoms and opinion evidence in the current record from the new alleged onset date. [ECF No. 12-1, PageID.61, 68]. The ALJ discussed Justice's new medical records and her records from the previously adjudicated period. [Id]. As Commissioner correctly points out, unlike *Ridenour*, the ALJ in this case does not simply apply res judicata or mechanically recite the new evidence.

The ALJ's conclusions comply with *Earley*. *See Sadler v. Comm'r of Soc. Sec.*, No. 18-11689, 2019 WL 4892419, at *6 (E.D. Mich. Aug. 16, 2019) (upholding an ALJ's ruling because, although the ALJ's decision was framed as adopting the prior RFC, a review of the ALJ's decision revealed that the ALJ "did not simply rely on principles of res judicata"); *see also Reid v. Comm'r of Soc. Sec.*, No. 18-12871, 2020 WL 2542061, at *4 (E.D. Mich. May 19, 2020) (finding that an ALJ's adoption of a previous ALJ's RFC where "the evidence [did] not show a material change in the claimant's condition during the period since the prior decision was issued" was an "appropriate ... fresh look as required by *Earley* ...").

It is clear on this record that the ALJ gave the prior decision the precise treatment that *Earley* indicated an ALJ should give when reviewing a subsequent application alleging a new period of disability.

The second objection concerns the ALJ's final decision regarding Justice's impairments and whether it is supported by substantial evidence.

  c. **Objection (2): Justice's argument that, by assigning little weight to the opinions of Quadri and Hammer, and only partial weight to the opinions Dr. Krishnan about the limiting effects of her mental impairments, the ALJ substituted their opinions for his own medical judgment [ECF No. 14, PageID.1798-1799, 1804- 1809].**

Plaintiff asserts that "the ALJ failed to provide 'good reasons' for the weight he assigned" to the medical opinions. (ECF No. 26, PageID.1907-1908).

Generally, the medical opinions of treating physicians are afforded greater deference than those of non-treating physicians. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); *see also* SSR 96–2p, 1996 WL 374188.

A treating physician's opinion is given "controlling weight" if it is supported by: 1) medically acceptable clinical and laboratory diagnostic techniques; and 2) is not inconsistent with other substantial evidence in the case record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). When the physician's medical opinion is not granted controlling weight, the ALJ must give "good reasons" and evidentiary support for the weight given to the opinion. *See Id*. at 546; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376–77 (6th Cir. 2013); *Rogers*, 486 F.3d at 242 (quoting 20 C.F.R. § 416.927(d)(2)). "Good reasons" are reasons "sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544.

The ALJ articulated good reasons for the weight he gave to each of the medical opinions. He assigned little weight to the opinions of two of Justice's treating physicians: (1) Dr. Quadri, Justice's psychiatrist since January 2016; and (2) Ms. Hammer, Justice's therapist since September 2015.

Quadri concluded that Justice had extreme limitations on social interaction and moderate to extreme limitations in adaptation. [ECF No. 12-1, PageID.67]. The

13

ALJ assigned little weight to this opinion because he believed it was inconsistent with the objective medical evidence, including Quadri's own treatment notes regarding the severity of Justice's limitations. [Id].

Ms. Hammer's evaluation concluded that Justice no longer had the ability to adapt or cope in normal settings and that she continued to experience deteriorating health including her impaired ability to function in all social settings. [ECF No. 12-1, PageID.68]. The ALJ assigned Hammer's opinion little weight as well, noting that this assessment focuses primarily on the subjective allegations of claimant, and a few comments from claimant's son. [Id]. Additionally, he opined that Hammer's treatment notes reflected dysphoric mood, but normal orientation, which was inconsistent with the level of impairment as stated in Hammer's testimony. [Id].

The ALJ assigned partial weight to the opinions Dr. Krishnan, the state agency's medical consultant. [ECF No. 12-2, PageID.66]. He adopted her determination that Justice could perform simple, routine, repetitive work, have no direct contact with the public, and have only occasional contact with supervisors and coworkers. [Id. at PageID.66, 187-188]. But he rejected her finding that Justice could not be required to set or meet productivity goals, reasoning that much of the evidence showed normal orientation, attention, concentration, and attentiveness. [Id].

14

The ALJ's reasons for the weight assigned to these medical opinions and his ultimate determination regarding Justice's disability determination are supported by substantial evidence. Accordingly, the Court must affirm it, even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Cutlip*, 25 F.3d at 286.

## IV.  Conclusion

The Court **OVERRULES** Justice's objections [ECF No. 26]; **DENIES** Justice's motion; **GRANTS** the Commissioner's motion; and **ADOPTS** Judge Stafford's R & R [ECF No. 20].

**IT IS SO ORDERED.**

Dated:  October 21, 2022                 /s/ Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 21, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

15